**Randall A. DETRO**

v.

**Buddy ROEMER, et al.**

**Civ. A. No. 89–5455.**

United States District Court,
E.D. Louisiana.

March 21, 1990.

Risley C. Triche, Napoleonville, La., for plaintiff.

Stephen M. Irving, Baton Rouge, La., for defendants.

ORDER AND REASONS

FELDMAN, District Judge.

Plaintiff Randall Detro brings this civil rights action against Governor Buddy Roemer, Bill Lynch, David Morales, Elizabeth Schexnayder, and Joe Green. Mr. Lynch is the Governor's former Inspector General, and Mr. Morales, Ms. Schexnayder and Mr. Green are former employees of the Office of Inspector General. Plaintiff is the former library director at Nicholls State University. By direction of the Governor, the Inspector General conducted an audit of the affairs of Nicholls State. Plaintiff alleges that in the course of the investigation and his discharge from Nicholls State, defendants deprived him of rights secured by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments.

Defendants now move to dismiss under Rule 12(b)(1) and 12(b)(6). They assert that (1) the Court lacks subject matter over this suit because it is barred by the Eleventh Amendment; (2) the facts do not establish a claim under 42 U.S.C. § 1983 or § 1985; and (3) plaintiff has failed to allege any facts which establish a violation of § 1983 or § 1985 or which would defeat the qualified immunity of defendants. After defendants filed this motion, plaintiff filed a Supplemental and Amending Complaint. The Court will consider plaintiff's supplemental complaint in addition to his original complaint in deciding this motion.

I. Eleventh Amendment

Everyone agrees that the Eleventh Amendment is no bar to a suit against a public official in his individual capacity. *See Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In this case, a fair reading of his pleadings confirms that plaintiff is seeking to impose individual and personal liability on the named defendants. For example, in Paragraph 18 of his Supplemental and Amending Complaint, he alleges that defendants Schexnayder, Morales and Green conducted a warrantless and unreasonable search in violation of the Fourth Amendment. Similarly, in Paragraph 19, plaintiff alleges that these defendants interrogated him without advising him of his right to counsel

in violation of the Fifth Amendment. The allegations that the named defendants deprived plaintiff of constitutional rights indicate that plaintiff seeks to impose personal liability upon them. Consequently, plaintiff's suit is not barred by the Eleventh Amendment.

## II. Qualified Immunity

 State officials who perform discretionary functions are entitled to some form of immunity from § 1983 actions for damages. *Austin v. Borel,* 830 F.2d 1356, 1358 (5 Cir.1987). While officials who perform functions in the judicial process have absolute immunity, other executive officials are shielded by the more narrow qualified immunity. *Id.* Qualified immunity "shields only that conduct not violative of clearly established constitutional rights of which a reasonable person would have known." *Id.* (citations omitted). In other words, "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id.* at 1362.

Qualified immunity is an affirmative defense that must be pleaded. *Harlow v. Fitzgerald,* 457 U.S. 800, 815, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396 (1982). In *Harlow,* the Court instructed trial courts:

> On summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to "know" that the law forbade conduct not previously identified as unlawful. Until this threshold immunity question is resolved, discovery should not be allowed. If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct.

*Id.,* 102 S.Ct. at 2738.

 Defendants argue that the Court should dismiss plaintiff's complaint because it fails to allege facts which would defeat the qualified immunity of defendants. This argument is without merit. Because qualified immunity is an affirmative defense which must be pleaded, the plaintiff need not anticipate the defense in his complaint. *Poe v. Haydon,* 853 F.2d 418, 424 (6 Cir.1988) cert. denied, — U.S. ——, 109 S.Ct. 788, 102 L.Ed.2d 780 (1989). If the defendant raises qualified immunity, the plaintiff has the opportunity to come forward with additional facts or allegations that show that the constitutional rights allegedly violated were clearly established when the acts were committed. *Id.* at 425. The shield of qualified immunity would then be unavailable.

 Furthermore, an official who raises qualified immunity as an affirmative defense must establish that he was acting within the scope of his discretionary authority when the challenged conduct occurred. *Poe,* 853 F.2d at 425. In this case, plaintiff alleges in Paragraph 26 of his Supplemental and Amending Complaint that defendants' actions went beyond the scope of their authority. Assuming that allegation to be true for purposes of this motion, defendants are not entitled to immunity. Therefore, because plaintiff has stated allegations which, if true, would checkmate defendants' assertion of immunity, plaintiff's complaint has stated a claim upon which relief can be granted. Whether they can be proved is another matter for another day.

The entitlement to qualified immunity is more than a mere defense to liability; it is an entitlement not to stand trial. The qualified immunity doctrine is animated by the notion that where official conduct that does not implicate clearly established rights is concerned, the public interest is best served by official action taken with independence and without fear of consequences. *See Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Its doctrinal goal is utilitarian: to prevent trials from distracting officials from discharging their governmental duties, inhibiting officials' discretionary action, and deterring able

people from entering public service. *Id.* With this in mind, the Supreme Court has found it appropriate to have claims of immunity resolved before the commencement of discovery. *Id.*, 105 S.Ct. at 2815. It is the duty, then, of the trial court to resolve the question of immunity at an early stage so as to not frustrate the social purpose of immunity. Regrettably, however, a motion to dismiss is not the best vehicle, and defendants have not properly addressed the principles discussed to assist the Court in resolving this issue summarily.

### III. Plaintiff's § 1985 claim

Defendants argue that plaintiff's complaint fails to state a claim under § 1985 upon which relief can be granted. Plaintiff does not contest this. Consequently, to the extent that plaintiff's complaint asserts a claim for damages under § 1985, that portion of the complaint is dismissed for failure to state a claim upon which relief can be granted.

### IV. Plaintiff's § 1983 claim

Plaintiff alleges that defendants deprived him of rights secured to him by the First, Fourth, Fifth, Sixth and Fourteenth Amendments. It is not enough for plaintiff to assert mere conclusory allegations in a complaint alleging a violation of § 1983; he must state specific facts. *See Elliott v. Perez*, 751 F.2d 1472, 1479 (5 Cir.1985) and cases cited within.

### A. *First Amendment*

Defendants contend that plaintiff fails to state specific facts that would establish the deprivation of his First Amendment rights. Plaintiff does not dispute this. He asserts that he has been deprived of rights secured to him under the First Amendment, but he fails in his opposition to the motion to point to where in his complaint he states facts that support his claim. Accordingly, the Court finds that plaintiff's complaint fails to state a § 1983 claim for violation of First Amendment rights upon which relief can be granted.

### B. *Fourth Amendment*

In Paragraph 18 of his Supplemental and Amending Complaint, plaintiff alleges that on July 22, 1988, defendants Schexnayder, Morales and Green searched and seized his office and personal papers without a warrant, without probable cause, without his consent, and without exigent circumstances. Because defendants do not challenge the adequacy of this claim, the Court need not decide whether plaintiff states a § 1983 claim for deprivation of rights secured by the Fourth Amendment upon which relief can be granted.

### C. *Fifth Amendment*

Defendants contend that plaintiff fails to state a Fifth Amendment claim because the Fifth Amendment applies only to criminal proceedings and because plaintiff fails to show some kind of compulsion. Assuming defendants' view of the law to be accurate, plaintiff's supplemental complaint passes muster. In Paragraph 19, plaintiff states that defendants conducted a criminal investigation and supports this with the point that during the course of the investigation other employees were Mirandized and threatened with arrest. Plaintiff further states in that same paragraph that he was ordered to his office for interrogation and was not free to leave. This fact, assumed to be true for purposes of this motion, establishes that this was arguably a custodial interrogation at which plaintiff had to be informed of his right to remain silent. *See Miranda v. State of Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Consequently, plaintiff's complaint states a § 1983 claim for deprivation of Fifth Amendment rights upon which relief can be granted.

### D. *Sixth Amendment*

With regard to plaintiff's Sixth Amendment claim, defendants again assert that the right to counsel extends only to criminal or quasi-criminal proceedings. As explained in Part C, plaintiff states that the Inspector General was conducting a criminal investigation. Thus, plaintiff's complaint states a § 1983 claim for deprivation of Sixth Amendment rights upon which relief can be granted for purposes of this motion.

### E. *Fourteenth Amendment*

The Fourteenth Amendment analysis is more intricate.

To state a § 1983 claim for violation of rights secured by the Fourteenth Amendment, plaintiff must first state facts which, if true, would establish the existence of a liberty or property interest. Defendants argue that plaintiff's claim that the report of the investigation distributed by defendants is libelous and slanderous does not state a cause of action under § 1983. In *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), the Supreme Court held that no liberty or property interest is infringed when the only loss suffered at the hands of the government is damage to personal reputation if personal reputation is not recognized by the relevant state law as a liberty or property interest. *Marrero v. City of Hialeah,* 625 F.2d 499, 513 (5 Cir.1980) *cert. denied,* 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981). However, some stigma plus an infringement of some other interest can infer a liberty or property interest. *See Connelly v. Comptroller of the Currency,* 876 F.2d 1209, 1215 (5 Cir.1989).

To fulfill the stigma aspect of the stigma-plus equation, plaintiff must state that the stigma was caused by a false communication that concretely asserted wrongdoing on the part of plaintiff. *Connelly,* 876 F.2d at 1215. Plaintiff does this in Paragraph 24 of his supplemental complaint. The additional interest requirement is still another hurdle.

■ Plaintiff attempts to meet the requirement of asserting the infringement of some other interest by pointing to his discharge. "Discharge from public employment under circumstances that put the employee's reputation, honor, or integrity at stake gives rise to a liberty interest under the Fourteenth Amendment to a procedural opportunity to clear one's name." *Rosenstein v. City of Dallas,* 876 F.2d 392, 395 (5 Cir.1989) (citations omitted). Here, plaintiff states that he was denied a name-clearing hearing. That is not enough. To succeed on a § 1983 claim for the denial of a name-clearing hearing, plaintiff must prove that: (1) he was discharged; (2) that de-

famatory charges were made against him in connection with the discharge; (3) that the charges were false; (4) that no meaningful public hearing was conducted pre-discharge; (5) that the charges were made public; (6) that he requested a hearing in which to clear his name; (7) and that the request was denied. *Id.* at 395–96. To state a claim for denial of a name-clearing hearing upon which relief can be granted, plaintiff must state facts that show the existence of all seven elements of the claim. Because plaintiff's complaint does not state that he requested a hearing in which to clear his name and that the request was denied, his complaint fails to state a § 1983 claim for the denial of a name-clearing hearing upon which relief can be granted. But the analysis does not end there.

■ Discharge from public employment, however, is not the only interest that will satisfy the stigma-plus requirement of *Paul v. Davis.* Damage to reputation plus the infringement of other kinds of Constitutional rights can establish a liberty or property interest. *See Marrero,* 625 F.2d at 519. In *Marrero,* the court found that stigma plus the deprivation of certain Fourth Amendment rights gave rise to a liberty interest. In this case, plaintiff adds claims for infringement of his Fourth, Fifth and Sixth Amendment rights. Thus plaintiff's complaint, by stating that the defamation occurred in connection with the violation of plaintiff's Fourth, Fifth and Sixth Amendment rights, states a deprivation of a liberty interest or property interest. Additionally, for Fourteenth Amendment purposes, plaintiff may allege facts that show that the defendants deprived him of a liberty or property interest without due process of law. *Id.* Here, because plaintiff states that he was denied any opportunity to be heard, he has stated a procedural claim upon which relief can be granted even though his name-clearing complaint is deficient. *Id.,* at 520.

## V. Conclusion

In sum, the Court finds that plaintiff's claim is not barred by the Eleventh Amend-

ment and that plaintiff's complaint states facts which, if true, would defeat defendants' claim of qualified immunity. Defendants have not adequately addressed the principles which would resolve the issue of their qualified immunity. Further, the Court finds that plaintiff's complaint fails to state a § 1985 claim, a § 1983 claim for violation of First Amendment rights, and a § 1983 claim for denial of a name-clearing hearing upon which relief can be granted. The Court finds that plaintiff's complaint does state a § 1983 claim for violation of Fourth, Fifth, Sixth, and Fourteenth Amendment rights.

Accordingly, defendants' Motion to Dismiss is GRANTED in part and DENIED in part. As to the issue of qualified immunity, the denial is without prejudice.